UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL-TYRONE STURGHISS,<br><br>Plaintiff,<br><br>v.<br><br>TARA STAGGERS Deputy (In her individual capacity),<br><br>Defendant. | ) | No. 1:25-cv-02295-JPH-MKK |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Michael-Tyrone Sturghiss's federal and state law claims stem from his allegations that he was unlawfully arrested because Shelby County Deputy Sheriff Tara Staggers falsely reported that he fled the scene of an accident. Deputy Staggers has filed a motion for judgment on the pleadings. Dkt. [17]. For the reasons below, that motion is **GRANTED in part and DENIED in part**.

## I.
## Facts and Background

Because Defendant has moved for dismissal under Rule 12(c), the Court accepts and recites the well-pleaded facts in the complaint as true. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Mr. Sturghiss attached and referenced an "Original Narrative" from Deputy Staggers in his complaint, which the Court considers as part of his complaint in reciting the facts. Dkt. 1 at 2, 7; *see Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("[W]hen a plaintiff attaches to the complaint a document . . . [and] references and relies

upon that document in asserting [his] claim, the contents of that document become part of the complaint[.]").

After an accident involving his vehicle, Mr. Sturghiss encountered Shelby County Deputy Sheriff Tara Staggers. Dkt. 1 at 2. After Mr. Sturghiss told Deputy Staggers the details of the accident and "cooperated fully," Deputy Staggers told him he was "'free to go.'" *Id.* Four days later, Deputy Staggers executed a probable cause affidavit in support of a criminal charge against Mr. Sturghiss for "Leaving the Scene of an Accident." *Id.* at 3. Mr. Sturghiss was eventually arrested pursuant to a bench warrant for failure to appear in court. Dkt. 18 at 3. The State later dismissed the charge against Mr. Sturghiss. Dkt. 1 at 3.

Mr. Sturghiss brought this case against Deputy Staggers in her individual capacity, asserting claims for malicious prosecution and unlawful seizure claim under the Fourth Amendment. *Id.* at 4, 6.[1] Deputy Staggers has moved for judgment on the pleadings. Dkt. 17.

## II.
## Rule 12(c) Standard

Defendants may move under Rule 12(c) for judgment on the pleadings after the complaint and answer have been filed by the parties. Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Gill v. City of Milwaukee*, 850 F.3d

[1] Mr. Sturghiss also raised malicious prosecution and Fourth Amendment claims against Shelby County prosecutor Edward Zych in his individual capacity, dkt. 1 at 5, but those claims were dismissed at screening, dkt. 8.

335, 339 (7th Cir. 2017). To survive a motion for judgment on the pleadings, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary-judgment stage," *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(c) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

Indiana substantive law governs Mr. Sturghiss's state-law claim. *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019). Absent a controlling decision from the Indiana Supreme Court, the Court does its best to predict how that court would rule on the issues of law. *Mashallah, Inc. v. West Bend*

*Mut. Ins. Co.*, 20 F.4th 311, 319 (7th Cir. 2021). In doing so, the Court may consider decisions from the Indiana Court of Appeals. *See id.*

## III.
## Analysis

### A. Fourth Amendment Unlawful Seizure Claim

Deputy Staggers argues that Mr. Sturghiss's Fourth Amendment claim must be dismissed for lack of causation because Mr. Sturghiss's failure to appear in court, not the charge against him, was the reason that he was arrested. Dkt. 18 at 7. Therefore, the bench warrant that was issued after Mr. Sturghiss failed to appear broke the causal chain required for Deputy Staggers to be liable for Mr. Sturghiss's arrest. *Id.* Mr. Sturghiss argues that regardless of his failure to appear, he was arrested because of Deputy Staggers's material omission from the probable cause affidavit. Dkt. 21 at 2–3.

To state a claim for unlawful seizure, "a plaintiff must show that there was no probable cause for his arrest." *Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016); *see Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) ("The Fourth Amendment . . . is the proper basis for challenging the lawfulness of an arrest."). A government official may be held liable under § 1983 if the official "caused the deprivation of a constitutional right" and "the deprivation occurs at his direction or with his consent or if he sets in motion a series of events that [he] knew or reasonably should have known would cause others to deprive plaintiff of constitutional rights." *Surita v. Hyde*, 665 F.3d 860, 875 (7th Cir. 2011). To establish causation, a plaintiff must show both:

(1) cause-in-fact, meaning the injury would not have occurred absent the defendant's conduct; and (2) proximate cause, that is, the injury was the type a reasonable person would expect to result from their conduct. *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). "The actions of an official who fabricates evidence that later is used to deprive someone of liberty can be both a but-for and proximate cause of the due process violation." *Id.* at 583.

Here, the criminal proceeding against Mr. Sturghiss was based on the probable cause affidavit prepared by Deputy Staggers attesting that Mr. Sturghiss unlawfully fled the scene of an accident. Dkt. 1 at 3; dkt. 18 at 2. Although Mr. Sturghiss was arrested based on a warrant that was issued because he failed to appear in court and long after Deputy Staggers submitted her probable cause affidavit, that does not foreclose finding that Deputy Staggers was the proximate cause of Mr. Sturghiss's arrest and any resulting damages. Dkt 1 at 4; *see Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1998) ("If police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of . . . magistrates to confine or prosecute him."); *Whitlock*, 682 F.3d 567, 583 ("Without the [officers'] fabrication, the prosecuting attorney would have had no tainted evidence to introduce at trial. And in a trial where the fabricated evidence is the crux of the case . . . a plaintiff could show that the fabrication was a but-for cause of his conviction."). So, Mr. Sturghiss has pled facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Resisting this conclusion, Deputy Staggers cites several Seventh Circuit and Supreme Court cases in support of her position. Deputy Staggers cites *Martinez v. State of California*, 444 U.S. 277 (1980) for the proposition that "an independent intervening cause 'breaks the chain of causation,'"[2] dkt. 18 at 5. Neither the facts or legal issues presented in *Martinez* are remotely close to the facts and issues presented here. In *Martinez*, a former prisoner murdered someone five months after being released on parole and the victim's family brought claims against members of the parole board. Finding that the plaintiff had failed to state a claim for relief for a Fourteenth Amendment Due Process violation, the Court held that the parolee was not an agent of the parole board for purposes of the state action requirement. *Id.* at 285. The court further held that the victim's death was "too remote a consequence of the parole officers' action to hold them responsible under federal civil rights law." *Id.* And *Martinez*'s mention of proximate cause is in passing and in a different context: "Regardless of whether, as a matter of state tort law, the parole board could be said either to have had a 'duty' to avoid harm to his victim or to have proximately caused her death . . . we hold that . . . appellees did not 'deprive' appellants' decedent of life within the meaning of the Fourteenth Amendment.". *Id.* at 285.

Deputy Staggers also cites *Bublitz v. Cottey*, 327 F.3d 485 (7th Cir. 2003); *Maniscalco v. Simon*, 712 F.3d 1139 (7th Cir. 2013); and *Juriss v.*

[2] The quoted language that Deputy Staggers attributes to *Martinez*—"break[s] the chain of causation"—does not exist in the *Martinez* opinion.

*McGowan*, 957 F.2d 345 (7th Cir. 1992). Dkt. 18 at 6; dkt. 22 at 2. *Bublitz* and *Maniscalco* do not discuss proximate cause. Deputy Staggers argues that *Juriss* "recogniz[es] that intervening acts of a judicial officer can sever the causal connection between a defendant officer's conduct and the plaintiff's harm," dkt. 18 at 5, but *Juriss* reaches the opposite conclusion, 957 F.2d at 351 ("Where the judicial finding of probable cause is based solely on information the officer knew to be false or would have known was false had he not recklessly disregarded the truth, not only does the arrest violate the fourth amendment, but the officer will not be entitled to good faith immunity.").

Similarly, and equally erroneously, Deputy Staggers argues "[e]ven where an officer's initial conduct is alleged to have been improper, the Seventh Circuit has recognized that liability for a subsequent arrest does not extend to the original officer when the arrest is the product of the court's independent judicial act based on the plaintiff's own conduct." Dkt. 18 at 6. In support of this statement, Deputy Staggers cites *Whitlock*. *Id.* There, the court held: "[w]e have found fabrication to be a proximate cause of the violation in comparable cases. This is why we hold police officers who fabricate evidence liable for the liberty deprivation that occurs later when the fabrication is used." 682 F.3d at 583; *see Jones*, 856 F.2d at 994 (holding that the decisions made by other judicial actors will not "shield a police officer who deliberately supplied misleading information that influenced the decision"). So, *Whitlock* does not support Deputy Staggers's argument that an independent judicial act based on the plaintiff's later conduct necessarily breaks the chain of causation,

eliminating liability for the officer who engaged in misconduct. On the contrary, *Whitlock* recognizes "'multiple proximate causes are often present' and 'an actor's tortious conduct need not be close in space or time to the plaintiff's harm to be a proximate cause.'" *Whitlock*, 682 F.3d at 583.

In sum, the cases cited by Deputy Staggers do not support her assertion that "[t]he Seventh Circuit has consistently held that where a superseding cause . . . intervenes between the defendant's conduct and the plaintiff's harm, the causal chain is broken and liability under § 1983 cannot be established." Dkt. 18 at 6. The allegations in Mr. Sturghiss's complaint plausibly assert that Deputy Staggers's false statements in her affidavit were the cause-in-fact and the proximate cause of his arrest. Deputy Staggers has not shown that she is entitled to judgment on the pleadings on Mr. Sturghiss's Fourth Amendment claim, so her motion to dismiss that claim is **denied**.[3]

### B. State Law Malicious Prosecution

Deputy Staggers argues that the malicious prosecution claim must be dismissed because Mr. Sturghiss did not provide the Shelby County Sheriff's Office with written notice before suing, as required by the Indiana Tort Claims Act ("ITCA"). Dkt. 18 at 7–8. Mr. Sturghiss argues that the ITCA's notice requirement didn't apply because Deputy Staggers's conduct—submitting to the prosecutor an affidavit that omitted material facts—was "criminal,

[3] The Court therefore does not address Mr. Sturghiss's remaining arguments or Deputy Staggers's responses to them.

malicious, willful, and wanton" and therefore fell outside the scope of her employment. Dkt. 1 at 6; dkt. 21 at 4.

Under the ITCA, "a claim against a political subdivision" and its employees "is barred unless notice is filed" with its governing body in writing. Ind. Code § 34-13-3-8; *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992) (The "notice requirement of the Tort Claims Act applies not only to political subdivisions, but also to employees of political subdivisions."). "Compliance with the notice provisions of the ITCA is a procedural precedent which the plaintiff must prove" after a defendant raises the defense. *Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007).

Here, there's no dispute that the Shelby County Sheriff's Office is a political subdivision and Deputy Staggers is its employee. *See* Ind. Code § 34-6-2.1-155*; City of Bloomington v. Smith*, 252 N.E.3d 951, 964 (Ind. Ct. App. 2025) (quoting *Dept. of Pub. Welfare of Allen Cnty. v. Pothoff*, 44 N.E.2d 494, 497 (Ind. 1942)) ("counties are political subdivisions of the state"). And Mr. Sturghiss does not dispute that he did not provide the Shelby County Sheriff's Office with written notice for his malicious prosecution tort claim. Dkt. 21 at 4; dkt. 23 at 3.

Instead, Mr. Sturghiss argues that he was exempt from providing notice under the ITCA because he provided "allegations of intentional, malicious, and willful misconduct" showing that Deputy Staggers acted outside the scope of her employment. Dkt. 21 at 4; *see Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003) (holding that the amendments to the ITCA limit when a plaintiff

may sue a government employee personally to when the employee's acts were malicious, criminal, outside employment scope, willful and wanton, or for personal benefit); Ind. Code § 34-13-3-5(c).

"Where a plaintiff elects to sue a governmental employee in his or her individual capacity, notice is required only if the act or omission causing the plaintiff's loss is within the scope of the defendant's employment." *Chang v. Purdue Univ.*, 985 N.E.2d 35, 51 (Ind. Ct. App. 2013). Here, Mr. Sturghiss brings claims against Deputy Staggers in her individual capacity, dkt. 1 at 2; *see* dkt. 21 at 4, so he was required to provide notice if she acted within the scope of her employment. To fall within the scope of employment, "the [employee's] injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business." *Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008).

Mr. Sturghiss argues that "[k]nowingly creating false evidence is not a legitimate law enforcement function" within the scope of employment, dkt. 21 at 4. But "[e]ven criminal acts may be considered as being within the scope of employment if the criminal acts originated in activities so closely associated with the employment relationship as to fall within its scope." *Bushong*, 790 N.E.2d at 473. Here, Deputy Staggers wrote her police report and submitted the charging affidavit pursuant to her role as a law enforcement officer. So, even accepting as true that Deputy Staggers knowingly included false information, creating the affidavit was "performed squarely within the context" of her role as a law enforcement officer. *Chang*, 985 N.E.2d at 51.

Mr. Sturghiss was therefore required to provide notice of his action under the ITCA. Because he did not do so, Deputy Staggers is entitled to judgment on the pleadings on the state-law malicious prosecution claim, which is dismissed with prejudice. *See Chariton v. City of Hammond*, 146 N.E.3d 927, 936 (Ind. Ct. App. 2020) (upholding the trial court's dismissal with prejudice where plaintiff failed to comply with the ITCA's notice requirement within the statutory notice period).

**IV.**
**Order to Show Cause**

Deputy Staggers's brief, dkt. 18, and reply in support of her motion for judgment on the pleadings, dkt. 22, include a non-existent quotation and appear to misrepresent case holdings.

A. Counsel represents that *Martinez v. State of California*, 444 U.S. 277 (1980) says that an independent intervening cause "break[s] the chain of causation," dkt. 18 at 5, but that quoted language does not appear in *Martinez*.

B. Counsel represents that *Bublitz v. Cottey*, 327 F.3d 485 (7th Cir. 2003), "affirm[ed] dismissal of § 1983 claim where plaintiff's own conduct was the proximate cause of the deprivation complained of," dkt. 18 at 6, but *Bublitz* does not discuss proximate cause. Furthermore, the reason the officers in *Bublitz* were not liable did not turn on the plaintiffs' "own conduct." The plaintiffs were innocent bystanders to a high-speed police chase and not the intended target of

the Fourth Amendment seizure. *Bublitz*, 327 F.3d at 489–90 ("But it does not follow that because [the officer] intended to stop [the robber's] car, he therefore intended to stop any other car that could potentially become involved in a subsequent collision. . . . The Bublitz family was simply not the intended object of the defendant officers' attempts to seize the fleeing [robber], so the Fourth Amendment is not implicated and cannot provide the basis for a § 1983 claim.").

C. Counsel represents that *Maniscalco* "not[ed] that § 1983 defendants are not liable for harms that flow from the plaintiff's independent decisions rather than from the defendant's actions," dkt. 18 at 6, but *Maniscalco* did not discuss causation. *Maniscalco v. Simon*, 712 F.3d 1139 (7th Cir. 2013).

D. Counsel represents that *Juriss* "recogniz[ed] that intervening acts of a judicial officer can sever the causal connection between a defendant officer's conduct and the plaintiff's harm." Dkt. 18 at 5; dkt. 22 at 2. *Juriss*, however, states the opposite. 957 F.2d 345, 350–51 (7th Cir. 1992) (quoting *Olson v. Tyler*, 771 F.2d 277, 282 (7th Cir. 1985)) ("'Where the judicial finding of probable cause is based solely on information the officer knew to be false or would have known was false had he not recklessly disregarded the truth, not only does the arrest violate the fourth amendment, but the officer will not be entitled to good faith immunity.'").

These errors are consistent with use of generative artificial intelligence without the necessary engagement, verification, and oversight by the attorney. *See Dec v. Mullin*, 171 F.4th 940, 946–47 (7th Cir. 2026). And regardless of whether counsel used AI, he was still required under Federal Rule of Civil Procedure 11(b) to certify that to the best of his knowledge, information, and belief, "the factual contentions have evidentiary support" and the "legal contentions are warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Jones v. Kankakee Cnty. Sheriff's Dept.*, 164 F.4th 967, 970 (7th Cir. 2026) (applying Rule 11); *see Dec*, 171 F.4th at 947–48. Attributing to a cited case a quote that does not exist, citing nonexistent authority, and misrepresenting a case's holding may support the imposition of sanctions. *See e.g., Mid. Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 2:24-cv-00236-JPH-MJD, 2025 WL 1511211, at *2 (S.D. Ind. May 28, 2025) ($6,000 sanction); *Virgil v. Experian Info. Sols. Inc.*, No. 1:25-cv-01641-MPB-MJD, 2026 WL 401066, at *4 (S.D. Ind. Mar. 10, 2026) ($10,000 sanction).

Deputy Staggers's counsel is therefore **ORDERED** to show cause by **November 16, 2026** why sanctions should not be imposed for making misrepresentations to the Court in her brief, dkt. 18, and reply in support of her motion, dkt. 22, in violation of Rule 11(b).

## V.
## Conclusion

Deputy Staggers's motion for judgment on the pleadings is **GRANTED in part and DENIED in part**. Dkt. [17]. The motion is **DENIED** as to Mr. Sturghiss's Fourth Amendment claim and **GRANTED** as to his malicious prosecution claim. Mr. Sturghiss's state-law malicious prosecution claim is **DISMISSED with prejudice**. Deputy Staggers's counsel is **ORDERED** to **show cause** why sanctions should not be imposed for violating Rule 11(b).

**SO ORDERED.**

Date: 11/2/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL-TYRONE STURGHISS
1695 Farm Meadow Dr.
Greenwood, IN 46143

All electronically registered counsel